UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KYTOSKI KING** § § | |
| Plaintiff, § § | **CIVIL ACTION NO.** |
| v. § § | |
| **WILKINSON TECHNOLOGIES, LTD.** § § | **JURY TRIAL DEMANDED** |
| Defendant. § § § | |

## ORIGINAL COMPLAINT

Plaintiff Kytoski King ("Plaintiff"), by and through his attorneys, Ellwanger Law LLLP and Bohrer Brady LLC brings this action for damages and other legal and equitable relief from Defendant, Wilkinson Technologies, Ltd. ("Defendant") for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e *et seq.*, Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq* ("§ 1981"), the Louisiana Employment Discrimination Law, La. R.S. §§ 23:302 *et seq*. ("LRS") and any other causes of action that can be inferred from the and any facts set forth herein.

## INTRODUCTION

1. This is an action brought by Plaintiff seeking damages from Defendant for acts of race discrimination in violation of Title VII and any other causes of action that can be inferred from the facts set forth herein.

2. Defendant was a joint employer of Plaintiff with S&S Consulting Group, LLC ("S&S"), EnVen Energy Corporation d/b/a EnVen Energy Ventures LLC ("EnVen") and OSSA Onshore Offshore Catering ("OSSA") on the fixed platform Main Pass 281-A from approximately

January 2018 until on or about July 8, 2018.  Plaintiff was subjected to a racially hostile work environment on the fixed platform Main Pass 281-A by Defendant's management official, who held a supervisory role over Plaintiff's day-to-day activities.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, and pursuant to 28 U.S.C. §§ 1343(3) and 1343(4), which confer original jurisdiction upon this Court in a civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights; under the Declaratory Judgment Statute, 28 U.S.C. § 2201; Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*., and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. The Court's supplemental jurisdiction is invoked pursuant to 28 U.S.C. § 1367(a), which confers supplemental jurisdiction over all non-federal claims arising from a common nucleus of operative facts such that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this Court under Section 706 of Title VII, 42 U.S.C. § 2000e-5(3)(f) and under 28 U.S.C. § 1391(b)(2), in that the acts complained of herein, including unlawful employment practices under Title VII, occurred upon the fixed platform Main Pass 281-A, located upon and affixed to the outer continental shelf adjacent to the State of Louisiana and within this district and Defendant transacts business and thus may be found within this district.

## PARTIES

6. Plaintiff is a Black individual who has been aggrieved by Defendant's actions. He a resident of Angelina County, Texas.

7. At all relevant times, Plaintiff was an employee of Defendant, operating as a joint employer with OSSA, EnVen and S&S, and therefore covered by Title VII, § 1981, and the LRS.

8. Defendant's address is 201 Rousseau Rd., Youngsville, LA 70592 in Lafayette Parish, LA. Upon information and belief, Defendant employs over 15 employees.

9. During all relevant times, Defendant has been an employer covered by Title VII, §1981 and the TLC.

10. Defendant transacted and continues to transact business in Louisiana by, among other things, employing persons within Louisiana and within this judicial district.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

11. Plaintiff has timely filed a charge of discrimination with the EEOC, which constitutes across-filing with the Louisiana Commission on Human Rights.

12. Plaintiff received his Notice of Right to Sue from the EEOC within ninety (90) days prior to the filing of this Complaint.

## STATEMENT OF FACTS

13. Plaintiff first started working for Defendant as a galley hand at its offshore oil rig, Platform 281-A, in January 2018. Plaintiff was subjected to a hostile work environment based on his race, Black, while employed on fixed platform Main Pass 281-A.

14. During his employment, Defendant's Project Manager, Lewis Brunet ("Mr. Brunet") who is White, jointly supervised and controlled Plaintiff in his day-to-day activities on the rig. For example, it was Mr. King's job to create lists of items to service employees of

**ORIGINAL COMPLAINT**

Defendant. Mr. Brunet had authority over King with regard to his daily assignments, including making and keeping this checklist.

15. In addition, Mr. Brunet required Plaintiff to perform other, sometimes menial, duties, such as requiring that Plaintiff change Mr. Brunet's bed sheets two times per week.

16. Around July 1, 2018, Plaintiff and Mr. Brunet were unloading groceries in the galley. Mr. Brunet made the racially-charged statement to Plaintiff that if he was having trouble lifting a box, Mr. Brunet was going to "throw a noose around your neck, hang you off the rig and feed you to the sharks."

### AS AND FOR A FIRST CAUSE OF ACTION FOR A VIOLATION OF
**Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.***
**(Discrimination Based on Race)**

17. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

18. The conduct alleged herein violates Section 703 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C §§ 2000e et seq., as Defendant has subjected Plaintiff to a hostile work environment based on his race, Black.

19. Plaintiff's requests for relief are set forth below.

### AND FOR A SECOND CAUSE OF ACTION FOR A VIOLATION OF
**Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.***
**(Disparate Treatment Discrimination (Intentional Discrimination) on Account of Race)**

20. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraph above, as if fully set forth herein.

21. The conduct alleged herein violates Section 1981 of the Civil Rights Act of 1866, as amended, 42 U.S.C. § 1981 *et seq.*, as Defendant engaged in the practice of discrimination with respect to the terms and conditions of Plaintiff's employment.

22. Due to Plaintiff's race, Defendant subjected Plaintiff to discrimination as it relates including but not limited to a hostile work environment and disparate terms and conditions of employment.

23. Plaintiff's requests for relief are set forth below.

### AS AND FOR A THIRD CAUSE OF ACTION FOR A VIOLATION OF
### The Louisiana Employment Discrimination Law, La. R.S. § § 23:302 et seq.
### (Discrimination)

24. Plaintiff is a member of a protected class and repeats and re-alleges the allegations contained in the paragraphs above, as if fully set forth herein.

25. The conduct alleged herein violates the Louisiana Employment Discrimination Law, La. R.S. § 23:302 as Defendant discriminated against Plaintiff based upon his race, Black, by being subjected by Defendant to a racially hostile work environment.

26. Plaintiff's requests for relief are set forth below.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests judgment against Defendant as follows:

A. A judgment declaring that the practices complained of herein are unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.*, the Civil Rights Act of 1866, as amended, 42 U.S.C. §§ 1981 *et seq*, and the Louisiana Employment Discrimination Law, La. R.S. §§ 23:302 *et seq*.

B. All damages which Plaintiff has sustained as a result of Defendant's conduct, including back pay, front pay, benefits, general and specific damages for lost compensation, and job benefits they would have received but for Defendant's discriminatory practices, and for emotional distress, humiliation, embarrassment, and anguish;

  C. Exemplary and punitive damages in an amount commensurate with Defendant's ability and so as to deter future malicious, reckless, and/or intentional conduct;

  D. Awarding Plaintiff the costs and disbursements incurred in connection with this action, including reasonable attorney's fees, expert witness fees and other costs;

  E. Pre-judgment and post-judgment interest, as provided by law;

  F. That the Court retain jurisdiction over Defendant until such time as it is satisfied that they have remedied the practices complained of and are determined to be in full compliance with the law; and

  G. Granting Plaintiff other and further relief as this Court finds necessary and proper.

Plaintiff also seeks injunctive relief, including, but not limited to:

  H. Training on the subject of employment discrimination for all of Defendant's employees;

  I. Training of all employees regarding race discrimination, including the reporting procedures for reporting such discrimination, conducted by reputable outside vendors;

  J. Supervisory discipline up to and including termination for any employee who engages in unlawful discrimination,

  K. Active monitoring of the work areas to ensure compliance with discrimination policies;

  L. Monitoring by the Court or a federal agency to ensure that Defendant complies with all injunctive relief; and

  Plaintiff further demands that he be awarded such other and further legal and equitable relief as may be found appropriate and as the Court may deem just or equitable.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by this Complaint.

Dated: July 28, 2021

Respectfully submitted,

/s/ Philip Bohrer
Philip Bohrer
Louisiana State Bar No. 14089
phil@bohrerbrady.com
**Bohrer Brady LLC**
8712 Jefferson Highway, Suite B
Baton Rouge, LA  70809
Telephone:  (225) 925-5297

Jay D. Ellwanger *(pro hac vice to be filed)*
Texas State Bar No. 24036522
jellwanger@equalrights.law
Toby W. Costas  *(pro hac vice to be filed)*
Texas State Bar No. 04855720
tcostas@equalrights.law
**ELLWANGER LAW LLLP**
400 S. Zang Blvd. Ste. 600
Dallas, TX 75208
Telephone: (469) 998-6775
Facsimile:  (469) 998-6775

**ATTORNEYS FOR PLAINTIFF**