UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| KYTOSKI KING | * | CIVIL ACTION NO. 21-1435 |
| | * | |
| VERSUS | * | SECTION: "L"(1) |
| | * | |
| WILKINSON TECHNOLOGIES, LTD. | * | JUDGE ELDON E. FALLON |
| | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************ | * | |

ORDER

Before the Court is the Motion to Transfer Venue filed by defendant Wilkinson Technologies, Ltd. (Rec. Doc. 13). The deadline to file a memorandum in opposition has passed, and plaintiff has not filed an opposition memorandum. The motion is, therefore, deemed unopposed. Further, and as discussed below, the court finds that the Motion to Transfer Venue has merit and it is hereby GRANTED. This case shall be transferred to the Western District of Louisiana, Lafayette Division.

Background

Plaintiff Kytoski King has filed this lawsuit against Wilkinson for alleged violations of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e, et seq.), Title 1 of the Civil Rights Act of 1991 (42 U.S.C. §1981a), the Civil Rights Act of 1886 (42 U.S.C. § 1981, et seq.), and the Louisiana Employment Discrimination Law (La. Rev. Stat. §§ 22:302, et seq.). King's Title VII claim may be brought in the following venues:

> any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office.

1

42 U.S.C. §2000e-5(f)(3). He filed suit in the Eastern District of Louisiana because he alleges that the acts he complains of occurred on an offshore platform adjacent to the State of Louisiana and within the Eastern District of Louisiana.

However, there appear to be no other ties to the Eastern District of Louisiana. King resides in Texas. Wilkinson has its principal place of business in the Western District of Louisiana. The alleged "joint employers" are located in the Western District of Louisiana. The "Project Manager" allegedly involved with the day to day interaction with King and who allegedly made a "racially-charged statement," is no longer employed with Wilkinson. However, his last known address in Allen Parish, Louisiana is closer to the courthouse in Lafayette in the Western District of Louisiana. Additionally, all of Wilkinson's relevant books and records are located in the Western District of Louisiana. Further, King's lead counsel is located in Baton Rouge, which is nearly equidistant to the courthouses in the Eastern District of Louisiana and the Western District of Louisiana, Lafayette Division. His other attorneys are located in Dallas, Texas.

Law and Analysis

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). "[T]he purpose of the section is to prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses and the public against unnecessary inconvenience and expense . . . .'" Van Dusen v. Barrack, 376 U.S. 612, 616 (1964) (quoting Cont'l Grain Co. v. The FBL-585, 364 U.S. 19, 27 (1960) (alterations in original).

A party moving to transfer must establish good cause by meeting the statutory requirements and by demonstrating that the transferee venue is clearly more convenient than the venue chosen

2

by the plaintiff. In re Volkswagen of Am., Inc., 545 F.3d 304, 315 (5th Cir. 2008). The court should consider the private interest factors of "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive" and the public interest factors of "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." Id. (quoting In re Volkswagen AG, 371 F.3d 201, 203 (5th Cir. 2004) (alteration in original)).

Here, King's lawsuit could have been brought in the Western District of Louisiana, Lafayette Division pursuant to 42 U.S.C. § 2000e-5(f)(3) because the employment records relevant to the allegedly unlawful employment practices are located in the Western District of Louisiana, and Wilkinson has its principal office in the Western District of Louisiana. Therefore, the statutory requirement that the lawsuit might have been brought in the Western District of Louisiana is satisfied.

Wilkinson argues that litigating this case in the Western District of Louisiana, Lafayette Division is more convenient because it would make virtually all key non-party witnesses subject to compulsory attendance at trial and/or subpoena for depositions. It argues that it would also substantially lessen the need for costly and time-consuming travel to and lodging in New Orleans for trial.

The court agrees and finds that the private and public interest factors are either neutral or weigh in favor of this suit proceeding in the Western District of Louisiana, Lafayette Division. Wilkinson and the non-party joint employers are located in the Western District of Louisiana and

are more than 100 miles from the federal courthouse in the Eastern District of Louisiana. If motion practice is required concerning discovery from the non-parties, it will occur in the Western District of Louisiana, where compliance with any subpoenas will be required. The Project Manager who will be an important witness is no longer employed by Wilkinson. His last known address is more than 100 miles from the courthouse in the Eastern District of Louisiana, but is only about 75 miles from Lafayette, Louisiana. The participation of witnesses and production of documents will be more easily compelled in the Western District of Louisiana where they are located.

Further, King himself does not live in the Eastern District of Louisiana. Nor is his counsel based here. And he has not opposed Wilkinson's request to transfer. Finally, there are no issues involving local interests of the Eastern District of Louisiana, potential conflicts of law, or familiarity of the forum with the applicable law. The court finds that Wilkinson has established that proceeding in the Lafayette Division of the Western District of Louisiana would clearly be more convenient.

## Conclusion

For the foregoing reasons, the court finds that Wilkinson has demonstrated good cause to transfer this lawsuit to the Lafayette Division of the Western District of Louisiana. Accordingly, it is ordered that Wilkinson's Motion to Transfer Venue (Rec. Doc. 13) is GRANTED; this matter is hereby transferred to the Lafayette Division of the Western District of Louisiana.

New Orleans, Louisiana, this 3rd day of January, 2022.

*Janis van Meerveld*
Janis van Meerveld
United States Magistrate Judge